**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION**

| | |
|---|---|
| EILEEN MCKENNA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| B & T FINANCIAL SERVICES, LLC, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

EILEEN MCKENNA (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against B & T FINANCIAL SERVICES, LLC, (Defendant):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**JURISDICTION AND VENUE**

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Illinois, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL         1

## PARTIES

7. Plaintiff is a natural person residing in Putnam County, Illinois.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a limited liability company located in Germantown, Maryland.

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt owed.

14. Plaintiff requested written confirmation of the debt but Defendant said "it was too late" and refused to provide.

15. Defendant said that they were coming after the Plaintiff "to the full extent of the law" after she asked for written documentation or validation of the alleged debt.

16. Defendant said that a lawsuit was going to be served on Plaintiff "the next day either at work" or her "place of residence."

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;

   b. Defendant violated *§1692e(5)* of the FDCPA by threatening to file a lawsuit and/or otherwise threatening to take legal action against Plaintiff even though Defendant did not intend to do so;

   c. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by threatening to file a lawsuit against Plaintiff even though Defendant did not intend to do so; and

   d. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the

consumer with the name and address of the original creditor, if different from the current creditor.

18. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress.

WHEREFORE, Plaintiff, EILEEN MCKENNA, respectfully requests judgment be entered against Defendant, B & T FINANCIAL SERVICES, LLC, for the following:

19. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act;

20. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*;

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*; and

22. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By:＿＿＿＿＿/s/ Adam J. Krohn＿＿＿＿＿
Adam Krohn, Esquire
Krohn & Moss, Ltd.
120 W. Madison Street
10th Floor
Chicago, IL 60602
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, EILEEN MCKENNA, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS

Plaintiff, EILEEN MCKENNA, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, EILEEN MCKENNA, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

3-23-10
Date

Eileen McKenna
EILEEN MCKENNA